IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No: CV-06-317-WS-M |
| HOLCIM (US), INC., EDWARD J. THIERRY, JR., DENNIS R. ODOM, RONALD WHITE and PATRICIA WHITE, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| THE OHIO CASUALTY INSURANCE COMPANY and INDUSTRIAL SERVICES OF MOBILE, INC., | ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

---

**DEFENDANT/COUNTER PLAINTIFF HOLCIM (US), INC.'S BRIEF IN OPPOSITION TO SECOND MOTION FOR SUMMARY JUDGMENT FILED BY OHIO CASUALTY INSURANCE COMPANY**

COMES NOW Holcim (US), Inc. ("Holcim"), Defendant/Counterclaim

Plaintiff in the above-styled action and hereby files this its Brief in Opposition to

the Second Motion for Summary Judgment filed by Ohio Casualty Insurance Company ("Ohio Casualty") and shows the Court as follows:

## STATEMENT OF THE CASE

As noted in Holcim's Brief in opposition to ISOM's Second Motion for Summary Judgment, this case involves the enforcement of an indemnity agreement. In addition to enforcing the indemnity agreement against ISOM, Holcim seeks coverage for the White loss under the policy issued by Ohio Casualty; Holcim is an additional insured under the contract because the indemnity agreement is an insured contract. Further, as no policy provision precludes coverage for Holcim, Ohio Casualty owes coverage to Holcim for the White loss.

## ELEVENTH CIRCUIT'S RULING ON APPEAL

The sole issue addressed by the Eleventh Circuit was interpretation of the indemnity agreement as contained in the supply agreement signed by ISOM. (Supply Agreement Ex. A). While this Court granted summary judgment to Ohio Casualty, and the order was appealed, the appellate proceedings focused on the interpretation of the indemnity agreement. Neither this Court nor the Eleventh Circuit addressed any issues raised solely as to Ohio Casualty. The Eleventh Circuit did, however, reverse the summary judgment granted to Ohio Casualty as the indemnity agreement was held ambiguous as a matter of law and thus pursuant

to the rules of contract construction the facts addressing interpretation of the contract came into play.

In its January 27, 2010 Order, this Court stated <u>triable</u> issues remained as a result of the Court of Appeals' opinions. First, "[t]riable issues remain in this case as to the meaning of the 'to the extent' indemnity language (i.e., whether the clause provides for indemnification based on allocation of fault between ISOM and Holcim, or whether the clause is an all-or-nothing provision that precludes indemnification if Holcim was negligent.)" [Doc. 110, p. 2]  Secondly, this Court stated "[t]riable issues also remain as to whether Holcim was in fact negligent, and that inquiry will be driven not by the pleadings in the *White* action but by the underlying facts concerning the events of February 23, 2003, when Ronald White fell into a hole while working at the Holcim Cement manufacturing plant in Theodore, Alabama.  … If the indemnity provision is found to provide for comparative fault, and if Holcim is found to have been negligent, then the finder of fact will also be tasked with allocating fault between ISOM and Holcim in some manner." [Doc. 110, p 2][1]

---

[1]  It must be noted, ISOM misquotes this court's Order of January 27, 2010 on page seven of its brief. [Doc. 125] ISOM stated, "Issues remain … ."  The misquote is that ISOM omitted the word <u>triable</u>.  This omission is significant, as there is a difference between, issues remain as to the meaning of the "to the extent" language versus triable issues remain as to the meaning of the "to the extent" indemnity language.

Ohio Casualty filed a second motion for summary judgment.  As is more specifically set forth in Holcim's reply brief to ISOM's Second Motion for Summary Judgment, and below, Ohio Casualty's Second Motion for Summary Judgment must be denied.  As the indemnity agreement is an insured contract, Holcim is owed indemnification as an additional insured under the policy.  Further, the cross suits exclusion does not preclude Holcim's recovery under the policy and Ohio Casualty's argument as to pro rata allocation is inapplicable, and does not provide a proper basis for entering summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. Rule 56.  In that regard, "[t]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case."  *Cellotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).  An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the non-moving party.  *Hixson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).  The Court must therefore

determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 1260 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Williamson Oil Co., Inc. v. Phillip Morris U.S.A*., 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there is no genuine issue of material fact. *Hixon*, 357 F.3d at 1260 (citing *Cellotex Corp*., at 323 (1986)).

Once the moving party meets it burden, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment". *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the non-moving party to go beyond the pleadings" and, through the use of competent evidence, to "designate 'specific fact showing that there is in fact a genuine issue for trial.'" *Cellotex*, 477 U.S. at 324, 106 S. Ct. at 2553. If the non-moving party fails to meet its burden, summary judgment must be granted. *Id*. at 322, 2552; Fed. R. Civ. P. 56. Finally, in determining whether summary judgment motion should be granted, a court views

the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. *Acevado v. First National Bank*, 327 F.2d 1244, 1247 (11th Cir. 2004).

## <u>STATEMENT OF DISPUTED MATERIAL FACTS</u>

Holcim disputes the following items which are listed as undisputed material facts by Ohio Casualty. The numbers below coincide with the numbers used in Ohio Casualty's Brief and each statement of fact of Ohio Casualty is reproduced in bold type and Holcim's response follows:

**18.    The indemnity provision does not contain the words allocated, divided or percentages with respect to damages subject to the agreement. (Depo. of Brian Smith, pp. 53-56, Exhibit E)**.

<u>**Response**</u>:

While Mr. Smith agreed the words allocated, divided or percentages with respect to damages are not contained in the indemnity provision, Mr. Smith testified the indemnity language provides, where both parties have some negligence the losses incurred will be allocated between the two parties. (Depo. of Brian Smith, p. 54, Exhibit B).

**29.    Kenneth Lomax, an expert retained by Holcim in the underlying suit, has testified that warning signs should have been posted in the area**

around the hole through which Mr. White fell.  (Depo. of Kenneth Lomax at pp. 49-50, Ex. L).

**Response:**

Although ISOM cites pages 49 and 50 of the deposition of Ken Lomax, ISOM is apparently referring to pages 81 and 82 which are part of ISOM's Exhibit L.  A review of the testimony cited by ISOM makes it clear that Lomax's criticism regarding a lack of warning signs is directed towards ISOM, not Holcim.  (Depo. of Kenneth Lomax at p. 82, Ex. C).

**30.    There were no warning signs in the area at the time of the accident.  (Depo. of Kim Redding at p. 106, Ex. M).**

**Response:**

Kim Redding testified that he did not believe there were signs up at the time of the accident, but that it was his opinion that the lack of signs did not violate Mine Safety and Health Administration regulations.  (Depo. of Kim Redding at pp. 106-107, Ex. D).

**31.    Mr. Lomax also testified that he would criticize plywood just being laid over a hole unmarked, with no warning and no barricade tape, if that were the only thing in place.  (Depo. of Kenneth Lomax at pp. 56-57, 88, 90-91, 95, Ex. L).**

**Response**:

The page numbers contained in ISOM's Ex. L do not correspond to the pages cited in the deposition of Ken Lomax.  A review of the pages cited by ISOM show that Lomax's criticism on pages 56 and 57 are directed at ISOM; the testimony on page 88 does not appear to be critical of anyone; the testimony on pages 90 to 91 is not critical of anyone, and the testimony on page 95 is simply Lomax testifying about his personal background information.  (Depo. of Kenneth Lomax at pp. 56-57, 88, 90-91, 95, Ex. C)

## ARGUMENT AND CITATION OF AUTHORITY

### I.     HOLCIM, THIERRY AND ODOM[2] ARE ADDITIONAL INSUREDS UNDER THE OHIO CASUALTY POLICY

Holcim seeks indemnification under the Ohio Casualty policy for the White loss.  In order to obtain indemnification Holcim must establish it is an insured under the policy.  The parties and this Court are in agreement, Holcim is an additional insured under the Ohio Casualty policy if the indemnity agreement requires ISOM to indemnify Holcim for any of the White loss.  Consequently, resolution of the interpretation and application of the indemnity agreement to the

---

[2]   For purposes of this brief proceeding forward, references to Holcim as an additional insured also apply to Edward J. Thierry, Jr. and Dennis R. Odom, Holcim employees who are also parties to this action and seek coverage under the Ohio Casualty policy.

White loss will resolve the issue of whether or not Holcim is afforded coverage under the Ohio Casualty policy as an additional insured.

Holcim, therefore, incorporates by reference the evidentiary submissions, legal citations and argument submitted in opposition to ISOM's second motion for summary judgment.  As the indemnity provision is ambiguous as a matter of law and genuine issues of material fact remain, Ohio Casualty's second motion for summary judgment must be denied.

## II.   CROSS SUITS EXCLUSION NOT PRECLUDE COVERAGE OF HOLCIM FOR WHITE LOSS.

In the event Holcim is afforded coverage for the White loss under the Ohio Casualty policy, Ohio Casualty invokes the cross suits exclusion to preclude coverage.  Ohio Casualty argues, since Ronald White was an employee of the named insured, ISOM, and is therefore an insured under the Ohio Casualty policy, and Holcim is an additional insured by virtue of the insured contract, the cross suits exclusion bars coverage for Holcim's liability to White.  *BP Chemicals, Inc. v. First State Insurance Company*, 226 F.3d 420 (6th Cir. 2000) [Doc. 129 14].  Ohio Casualty's argument, however, fails and therefore summary judgment for Ohio Casualty must be denied.

First, reliance upon *BP Chemicals* is misplaced.  The cross suits exclusion contained within the First State Insurance Company policy at issue in *BP Chemical*

is different from the cross suits exclusion set forth in the Ohio Casualty policy.

Specifically, the First State policy states in pertinent part as follows:

> "This policy shall not apply . . . to any liability for bodily injury or personal injury caused by an employee of one insured to an employee of another insured. *BP Chemicals*, at 428.

The cross suits exclusion in the Ohio Casualty policy, however, provides:

> "this insurance does not apply to any liability of any 'insured' covered under this policy to any other 'insured' covered under this policy." [Doc. 130-1, p. 21] (Ohio Casualty Policy Ex. E)

The Ohio Casualty cross suits exclusion, however, also provides "this endorsement does not change any other provision of the policy." [Doc. 130-1, p. 21] The difference in the language of the cross suits exclusion is significant. In *BP Chemicals* cross suits exclusion the limitation is for "any liability for bodily injury . . . caused by an employee of one insured to an employee of another insured." In *BP Chemicals*, BP sought coverage under the First State policy for the wrongful death of an employee of a subcontractor of BP, whose death was allegedly caused by both BP and Bath's gross negligence. *BP Chemicals*, at 423. A jury trial was conducted and the jury specifically found that BP was 75% negligent, Swift, the plaintiff, and employee of the sub, was 25% negligent, and Bath, the employer was zero percent negligent. BP then sought indemnification for its loss from the primary and excess carriers insuring Bath.

The District Court and the Sixth Circuit Court of Appeals found that the primary policy did not cover BP for its own negligence. Both courts then proceeded to also find the cross suits exclusion excluded coverage for the employee's electrocution. In finding the cross suits exclusion applicable, the Sixth Circuit held, "we find that the plain and unambiguous language of the cross liability exclusions specifically excludes a liability for bodily injury caused by employees of one insured, BP Chemicals, to an employee of another insured, Bath. BP sought coverage as an insured under the excess policy and, likewise, is an insured for purposes of the cross liability exclusion. *Id.* at 429.

This reasoning is inapplicable to the cross suits exclusion in the Ohio Casualty policy because the cross suits exclusion in the Ohio Casualty policy does not specifically preclude recovery for bodily injury caused by employees of one insured, Holcim to an employee of another insured, ISOM. Moreover, in *BP Chemicals*, liability was not assessed against the employer of the injured party, but in this case ISOM is clearly liable.

Second, in *Twin City Fire Insurance Company v. Ohio Casualty*, 480 F.3d 1254 (2007), the Eleventh Circuit addressed application of Ohio Casualty's cross suits exclusion to an additional insured pursuant to an insured contract.

Ohio Casualty asks this Court to rule that Holcim, which purports to be an [additional] insured and is seeking coverage for their liability to Ronald White, also an insured, is precluded from doing so under the cross suits exclusion. [Doc. 129, pp. 15-16]. However, as the Eleventh Circuit stated in *Twin City*, such a enforcement of the cross suits exclusion would nullify the core of the additional insured coverage provision. *Id*. at 1262. Under Ohio Casualty's reading of the cross suits exclusion, a party named as an additional insured would not be covered, because the obligation would

> thereby be owed from one insured to another and fall under the cross-suit exclusion. This would not only remove the core of the additional insured provision, it would also conflict with its terms, which apply broadly to [a]ny person or organization ... included as an additional Insured by virtue of an insured contract. *Id*.

The Eleventh Circuit went on to note that

> Ohio Casualty's interpretation of the cross-suit exclusion would likely result in illusory coverage. In Alabama, insurance contracts must be interpreted to avoid illusory coverage, which occurs when a limitation or exclusion completely contradicts a coverage provision. *Shrader v. Emplrs. Mut. Cas. Co.,* 907 So.2d 1026, 1032-33 (Ala. 2005). As noted above, Ohio Casualty's interpretation would result in a very limited application for the additional insured coverage. Ohio Casualty's interpretation would therefore likely eliminate all meaningful additional insured coverage, and would thus result in impermissible illusory coverage as well.

Finally, in Alabama exceptions to coverage are to be interpreted as narrowly as possible in order to provide maximum coverage for the insured, and ... clauses setting out exceptions must be construed most strongly against the company that issued the policy. *Wakefield v. State Farm Mut. Auto. Ins. Co.,* 572 So.2d 1220, 1223 (Ala. 1990). *See also Am. States Ins. Co. v. Martin,* 662 So.2d 245, 247 (Ala. 1995). Because the cross-suit exclusion is ambiguous with respect to whether it excludes liability owed from a named insured to an additional insured, the ambiguity must be resolved against Ohio Casualty, and in favor of coverage. Accordingly, we reject Ohio Casualty's argument based on the cross-suit exclusion.[FN8]

FN8. We note that our interpretation is supported not only by Alabama law, but also by an express caveat to the cross-suit exclusion in the policy itself. Immediately following the exclusion is this caveat: This endorsement does not change any other provision of the policy. Ohio Casualty's interpretation of the cross-suit exclusion would significantly alter both the additional insured and insured contract provisions, and thus must be rejected for this reason as well.

*Id.* at 1263.

Although the Eleventh Circuit's holding in *Twin City* is controlling on the issue of the cross suits exclusion, there is an additional reason to find that the exclusion is unenforceable in this case.

Section V. L. of the Ohio Casualty Policy reads as follows:

13

**L.**     **SEPARATION OF INSUREDS.**

**Except with respect to our Limits of Insurance and any rights or duties specifically assigned to the first Named Insured designated in Item 1. of the Declarations, this insurance applies:**

**1.     as if each Named Insured were the only Named Insured; and**

**2.     separately to each Insured against whom claim is made or suit brought.**

The separation of insured's clause would prohibit the application of the cross suits exclusion in the manner sought by Ohio Casualty in this case. Under Section V. L., the Ohio Casualty Policy applies separately to each insured. If the policy is applied separately to Holcim, then the application of the cross suits exclusion conflicts with this provision. Further, the cross suits exclusion states that it does not change any other provision of the policy. These two provisions create an ambiguity which must be resolved in favor of Holcim.

"The 'Separation of Insureds' clause in the policy makes the language of the 'cross suits' exclusion even more ambiguous. *Parker v. John Moriarty & Assoc*., 2007 WL 2429719, *8 (Mass. Super.) "'Separation of Insureds' clauses also termed 'severability of interest' clauses, have been interpreted to limit the meaning of the term "insured" in an exclusion clause to the party actually seeking coverage." *Id*. Proper interpretation of the interplay between the "Separation of Insureds"

provision and the "cross suits" provision is such that the cross suits provision be interpreted so as not to include employees of a named insured. *Id.*

Applying this rule of law to the Ohio Casualty policy renders the cross suits exclusion inapplicable to Holcim in this case. Interestingly, the *Parker* court noted the *BP Chemicals* policy did not include a separation of insured or severability of interest provision.

For the foregoing reasons the cross suits exclusion does not bar coverage to Holcim and Ohio Casualty's Second Motion for Summary Judgment must be denied.

## III.   PRORATION

Ohio Casualty argues Holcim must first exhaust the Ace Policy before the Ohio Casualty Policy is implicated. The undisputed and uncontradicted evidence in the record establishes that the Ace Policy has been exhausted by virtue of Holcim's payment of $1,000,000.00 towards the settlement. As explained in the deposition of Jodie Earle, a representative of Holcim, the Ace Policy was a fronting policy under which Holcim was responsible for paying the $1,000,000.00 contribution towards the settlement. Upon Holcim's payment of $1,000,000.00, Holcim's coverage under its excess policy (issued by Great American Insurance Company) was triggered. (Deposition of Jodie Earle, Exhibit F, pp. 38-41).

But this court need not make any decision regarding pro-rata distribution of the settlement liability between the Great American and Ohio Casualty umbrella policies because as shown in Sec. IV above, Ohio Casualty insured the indemnity agreement between Holcim and ISOM. Courts in this state have held that an indemnitor's liability policy, which insures the indemnitor's indemnification obligations, must be exhausted before the coverage under the indemnitee's liability policy is reached, for claims against the indemnitee falling within the scope of the indemnity agreement.   This is so even though, by its terms, the indemnitee's liability policy is stated to be primary or to share pro rata with other insurance.  *See Pacific Life Ins. Co. v. Liberty Mutual Ins., Co.,* 2005 WL 1801602 (M.D. Ala. 2005); *USF&G v. St. Paul*, 1996 WL 33155570, *6 (S.D. Ala. Aug. 29, 1996), rev'd on other grounds, 137 F.3d 1355 (11th Cir. 1998).

This rule is routinely followed in other jurisdictions as well. *See American Indem. Lloyds v. Travelers Property & Cas. Ins.*, 335 F.3d 429 (5th Cir. 2003) (applying Texas law); *Wal-Mart Stores, Inc. v. RLI Ins. Co.,* 292 F.3d 583 (8th Cir. 2002) (construing Arkansas law); *Continental Cas. Co. v. Auto-Owners Ins. Co.*, 238 F.3d 941 (8th Cir. 2000) (applying Minnesota law); *Aetna Ins. Co. v. Fidelity & Cas. Co. of N.Y.*, 483 F.2d 471 (5th Cir. 1973) (applying Florida law); *Chubb Ins. Co. of Canada v. Mid-Continent Cas. Co. of N.Y.*, 982 F. Supp. 435 (S.D.

Miss. 1997); *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3rd 622, 532 P.2d 97, 199 Cal. Rptr. 449 (Cal. 1975); *J. Walters Constr., Inc. v. Gilman Paper Co.*, 620 So.2d 219 (Fla. App. 1993); *Carrier v. Louisiana Pigment Co., LP*, 846 So.2d 803 (La. App. 2003); see generally 15 *Couch on Insurance*, § 219.1 at 219-7 (3rd Ed. 1999) (an indemnity agreement between the insureds or a contract with an indemnification clause, such as is commonly found in the construction industry, may shift the entire loss to a particular insurer notwithstanding the existence of an other insurance clause in its policy).

Thus, given that ISOM owes indemnity to Holcim, and that its insurers - Clarendon and Ohio Casualty - have insured that obligation, these insurers have the primary obligation to indemnify Holcim, even assuming *arguendo* that the policies of Holcim's other insurers, by their terms, would otherwise be primary or share pro rata with other available policies.  Accordingly, Ohio Casualty owes Holcim the costs of the defense and settlement of the *White* action, less those funds contributed by Clarendon.

## CONCLUSION

Ohio Casualty is not entitled to a judgment as a matter of law on any of the issues raised in its brief. Holcim is an additional insured as that term is defined by the Ohio Casualty Policy. Although Ohio Casualty attempts to rely on the cross

suits exclusion to defeat Holcim's claim, the Eleventh Circuit Court of Appeals has already ruled that that very same provision in an Ohio Casualty Policy is ambiguous.  Furthermore, the Separation of Insureds Clause in the Ohio Casualty precludes the use of the cross suits exclusion against Holcim.  Finally, Ohio Casualty is not entitled to prorate its liability under the policy.  Consequently, Ohio Casualty's Second Motion for Summary Judgment must be denied.

Respectfully submitted this 20th day of August, 2010.

/s/ Charles M. McDaniel, Jr.
CHARLES M. McDANIEL, JR.
*(signed with express permission by Marshall Gardner.)*
Georgia State Bar No. 487905
Admitted Pro Hac Vice February 19, 2009
Attorneys for Holcim (US) Inc.,
Edward J. Thierry, Jr. and Dennis R. Odom


Carlock, Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
Telephone:  404-522-8220

18

/s/ J. Marshall Gardner
J. MARSHALL GARDNER (GARDJ8459)
Attorneys for Holcim (US) Inc.
Edward J. Thierry, Jr. and Dennis R. Odom

Vickers, Riis, Murray and Curran, LLC
56 St. Joseph Street, Suite 1100
Post Office Drawer 2568
Mobile, AL  36652-2568
Telephone:   (251) 432-9772
Facsimile:   (251) 432-9781

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of DEFENDANT/COUNTER PLAINTIFF HOLCIM (US), INC.'S BRIEF IN OPPOSITION TO SECOND MOTION FOR SUMMARY JUDGMENT FILED BY OHIO CASUALTY INSURANCE COMPANY upon all parties to this matter by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on this 20th day of August, 2010 to:

James A. Kee, Jr.
Kee & Selby, LLP
1900 International Park Dr., Suite 220
Birmingham, AL  35243

/s/ J. Marshall Gardner
J. MARSHALL GARDNER

19

3080065v.1